Filed 9/29/23  In re C.C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>C.C,<br>        Defendant and Appellant. | A166068<br><br><br>(Humboldt County<br>Super Ct. No. JV190058) |

C.C. appeals from an order transferring him from juvenile court to the adult criminal court pursuant to Welfare and Institutions Code former section 707.[1]  (Sen. Bill No. 1391 (2017-2018 Reg. Sess.), Stats. 2018, ch. 1012, § 1, eff. Jan. 1, 2019.)  He contends reversal is required under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) for the juvenile court to reconsider its ruling in light of recent changes to section 707 enacted by Assembly Bill No. 2361 ((2021-2022 Reg. Sess.), Stats. 2022, ch. 330, § 1, eff. Jan. 1, 2023).  The People concede the amendments to section 707 apply retroactively, but they contend remand is unwarranted because C.C. was not prejudiced by the court's application of the then-current law.  We reverse and remand for the juvenile court to reconsider the transfer motion under the amended statute.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

# BACKGROUND

C.C. allegedly committed three forcible rapes and related sexual offenses between the ages of 15 and 17.

The People filed a wardship petition alleging three counts of forcible rape, one count of forcible oral copulation on a minor 14 years of age or older, and one count of sexual battery by restraint.  They then moved to transfer the case to adult court.

At the conclusion of the transfer hearing the court found that most, but not all, of the five factors set forth in section 707, subdivisions (a)(3)(A)-(E) favored transfer.  It found the first and second factors, the degree of C.C.'s criminal sophistication and whether he could be rehabilitated while under juvenile court jurisdiction, favored transfer.  The third and fourth factors, C.C.'s previous delinquent history and his success on previous rehabilitation attempts were a "mixed bag" in that he successfully completed his diversion program but continued to offend.  The fifth factor, the circumstances and gravity of the alleged offenses, weighed in favor of transfer.  Based on its assessment of these factors, the court found by a preponderance of the evidence that C.C. should be transferred to adult criminal court.

# DISCUSSION

C.C. contends the amendments to section 707 that took effect after the ruling in his case require remand for a new transfer hearing.  The People concede the amended law applies retroactively to C.C.'s case, but they contend reversal is unwarranted because it is not reasonably probable the court would reach a different result under the amended law.  We decline to apply the *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*) standard in these circumstances, and therefore reverse.

At the time of C.C.'s transfer hearing, the governing statute required the prosecutor to prove by a preponderance of the

2

evidence that the minor "should be transferred to a court of criminal jurisdiction." (Former § 707, subd. (a)(3); see *Kevin P. v. Superior Court* (2020) 57 Cal.App.5th 173, 186.) As in its current form, the statute required the juvenile court to consider five criteria in making that decision: (1) the minor's criminal sophistication; (2) whether the minor could be rehabilitated before juvenile court jurisdiction expired; (3) the minor's previous delinquent history; (4) the success of previous attempts at rehabilitation; and (5) the circumstances and gravity of the alleged offense(s). (Former § 707, subds. (a)(3)(A)-(E).) The court was also required to state in its order the basis for its ultimate finding that the juvenile should be transferred. (Former § 707, subd. (a)(3).)

Effective January 1, 2023, Assembly Bill No. 2361 amended section 707, subdivision (a)(3) in three relevant ways. First, it raised the People's burden of proof from a preponderance to clear and convincing evidence. (§ 707, subd. (a)(3); Stats. 2022, ch. 330, § 1.) Second, an order transferring the juvenile to adult criminal court now requires an ultimate finding, based on the same five factors as before, that "the minor is not amenable to rehabilitation" while under juvenile court jurisdiction. (§ 707, subd. (a)(3); Stats. 2022, ch. 330, § 1; see *In re S.S.* (2023) 89 Cal.App.5th 1277, 1286-1287.) Third, the court must state in its order its reasons for finding the minor is not amenable to rehabilitation under juvenile court jurisdiction. (§ 707, subd. (a)(3); Stats. 2022, ch. 330, § 1.)

The parties correctly agree these amendments are ameliorative and, therefore, apply retroactively to C.C.'s case. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 304 (*Lara*); *Estrada, supra,* 63 Cal.2d at pp. 744-748.) As stated in *Lara,* "The possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried

3

and sentenced as an adult can result in dramatically different and more lenient treatment." (*Lara,* at p. 303.)

Where the parties differ is on whether the recent amendments require remand in this case. The People contend remand is unnecessary because it is not reasonably probable the court would have reached a different result under the clear and convincing standard of proof. (See *Watson, supra,* 46 Cal.2d at p. 836.) C.C., on the other hand, asserts harmless error analysis is inapplicable because the new amendments heightened the burden of proof and changed the ultimate finding required for a transfer to adult criminal court.[2]

We conclude C.C. is entitled to a new transfer hearing at which the juvenile court is aware—as it could not have been at the original hearing—that it may order him transferred to adult criminal court only if it makes the ultimate finding, based on clear and convincing evidence, that he is not amenable to rehabilitation under juvenile court jurisdiction. (See *In re F.M.* (2023) 14 Cal.5th 701, 712-716 [harmless error analysis inappropriate where record did not show court was aware of its discretion to treat wobbler offense as a felony or misdemeanor].) As the Court observed in *In re F.M.,* where the court misapprehended its discretion in the first instance, attempting to discern the likelihood of a more favorable decision is more speculative than when there were errors in a decision the court actually rendered. (*Id.* at p. 716.) Accordingly, in the former situation reviewing courts have consistently remanded for reconsideration "[i]nstead of hypothesizing what decision the

---

[2] Although C.C. raises this argument for the first time in his reply brief, we exercise our discretion to address it in light of the weighty impact of the ruling for C.C. Under other circumstances we will not be so forgiving to an appellant whose opening brief fails to address a critical issue. (See *People v. Barragan* (2004) 32 Cal.4th 236, 254, fn. 5.)

4

juvenile court would have made if it had understood the extent of its lawful authority." (*Ibid.*; see also *In re E.P.* (2023) 89 Cal.App.5th 409, 416-417 [under section 707 as amended, court has discretion to conclude one or more of the five factors predominate so as to determine the result even if others point the other way].)

We find it inappropriate in view of this authority to speculate how the juvenile court might apply the new legal standards. It may well be that, upon remand, it will reach the same conclusion under the amended law; we express no opinion on that. But, pursuant to *Lara, supra,* 4 Cal.5th at p. 304, C.C. is entitled to have that decision made under current law.

## DISPOSITION

The order is reversed and the matter remanded to the juvenile court for a new transfer hearing.

_____

BURNS, J.


We concur:


_____

SIMONS, ACTING P.J.


_____

CHOU, J.


A166068